UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTON F. LIVERPOOL,                                       MEMORANDUM
                       Plaintiff,                    AND ORDER
            - against -
REGGIE CLEVELAND, et al.,                                 17-CV-1995 (AMD) (JO)
                       Defendants.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

      Plaintiff *pro se* Anton Liverpool ("Liverpool") seeks to compel defendant Sgt. Edward Reiman ("Reiman") to answer questions that his counsel directed him not to answer at his deposition. At a conference on March 20, 2018, I asked counsel to submit the deposition transcript to allow me to resolve the matter. *See* Docket Entry ("DE") 55. After reviewing the transcript, DE 59 ("Tr."), I now grant the motion. As set forth below, the defendants' counsel improperly directed Reiman not to answer questions on two occasions.

      First, the defendants' counsel improperly instructed Reiman not to answer questions about general procedures:

> Q. You were not at the scene, but you were at the 104th Precinct. Do you have any information about an officer being at the scene or any officers on the scene, whether from the 104th Precinct or from any other precinct?
>
> A. I don't recall.
>
> Q. Basically, I would like to ask you, as a sergeant in the 104th Precinct, like at the time, you were a sergeant, October 15, 2014, right? I'm correct?
>
> A. Yes.
>
> Q. As a sergeant in the precinct, when the average complaint comes in, what – what role or what part do you play in a complaint that comes to the 104th Precinct concerning somebody in the area?
>
> [COUNSEL]: Objection. This is a hypothetical question. I will direct him not to answer a hypothetical. If you want to ask him a specific question, go ahead, but this is a hypothetical.

Tr. at 17.

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Even if counsel were correct that Liverpool's question was hypothetical – which it was not – that would not have been a permissible reason to direct the witness not to answer. Instead, counsel could and should have simply lodged an objection and permitted the witness to answer. *Id.*

The second instance of improper direction not to answer was more egregious. Liverpool sought to question Reiman about the source of information that formed the basis for Liverpool's arrest. In particular, after Reiman testified that an agent had reported to him that Liverpool had exposed himself and had used the word "mother" in that regard, Liverpool sought to clarify whether the agents report had referred to one "mother" or more than one. Counsel never permitted Reiman to answer that question, and instead interrupted Liverpool's attempt to explain his question and incorrectly accused Liverpool of harassing her client:

> Q. You are saying that the school safety officers didn't relate any of this information to you in any way?
>
> A. I don't recall. I don't recall that being related in a phone conversation.
>
> Q. You said, again, that he gave you the impression that a mother was the victim of this crime, a mother?
>
> A. I remember that I was under the impression that you were – you exposed yourself to a mother. I asked him if they had the complainant. The agent said no. And I asked him did you – did you see Mr. Liverpool, you, do this, and they responded yes.
>
> Q. They or –
>
> A. The agent. I asked the agent did you see – if they didn't have a complainant, then was the agent the complainant? So I asked him did you see this act, whatever you were doing, and he responded yes.

2

Q. But you don't know what made you think that this was a mother?

A. The way I remember –

Q. You don't know how he impressed that upon you?

A. The way I remember, I remember a mother, a mother being brought up in the conversation.

Q. Okay. So he used the word mother is what you are saying?

A. That's – I remember the word in the conversation.

Q. Concerning me exposing myself to a mother.

A. Is that a question?

Q. Yes.

A. I told you, I was under the impression from what he was explaining to me that you were exposing yourself to a mother or some kind of lewd act.

Q. I'm trying to get what impressed this upon you. Did he use the word mother concerning me exposing myself –

A. I remember –

Q. – or mothers with an S?

[COUNSEL]: Mr. Liverpool, you've asked and he's answered the question. I will ask that you move on from this line of questioning. You are borderline harassing my client?

MR. LIVERPOOL: I am just trying to be clear on what was conveyed to him.

[COUNSEL]: And he told you – he's told what he remembers from the conversation.

MR. LIVERPOOL: Yes. But if you let me finish explaining, probably I'll gather what I'm trying to get.

[COUNSEL]: He's repeated his answer a number of times.

MR. LIVERPOOL: I'm trying –

[COUNSEL]: He's repeated his answer a number of times. If you have a different question to ask, ask a different question.

MR. LIVERPOOL: Well, he really has not answered my question sufficiently.

[COUNSEL]: You may not like the answer.

MR. LIVERPOOL: It's not that I don't like the question. If he's not giving me enough information or he does not have enough information from the person he spoke to. I'm trying to get at is this –

[COUNSEL]: Mr. Liverpool. Mr. Liverpool. If you don't like the answer that he's giving you, then that's not – that's not the –

MR. LIVERPOOL: I have no problem with his answer. I'm trying to ask in a different way so I can understand – he can understand what I'm trying to – what I'm trying to get from him. He could relate properly. It's either -- he's saying that this person was impressed upon him as being a mother. It's either the school safety officer related this to him, that it was a mother, it was several mothers and it was one out of several mothers. That's what I'm trying to get at.

[COUNSEL]: He's told you what he remembers about the conversation. If you have a different way of rephrasing your question or asking another question, then by all means ask that question.

MR. LIVERPOOL: That's what I was in the process of doing when you interrupted me.

[COUNSEL]: You were asking the same question again. If you want to ask a different question –

MR. LIVERPOOL: I couldn't ask the same way. I was rephrasing it. If he got to listen it, he would have known. He would have realized I was asking it a different way, a different context.

[COUNSEL]: If you have another question to ask, by all means, please go ahead and ask another question.

MR. LIVERPOOL: I have another question to ask, but it's around – it's basically surrounding the same subject matter.

[COUNSEL]: Go ahead. Ask your question.

MR. LIVERPOOL: Okay.

Q. Mr. Reiman, so the school safety officer spoke to you on the phone, right? He stated that I was exposing myself to a mother in more or less words. You don't remember the specific, but, basically, that's what he was saying, a mother?

A. I remember –

[COUNSEL]: Objection. He has answered this question already. He's repeatedly answered it move on.

A. Would you like to answer the question?

[COUNSEL]: Mr. Liverpool, move on. He's not answering the question. You are harassing my client.

Q. You are not answering the question?

[COUNSEL]: I'm his attorney. I am telling you he's not answering the question. Move on.

MR. LIVERPOOL: Okay. Thank you.

Q. Did the school safety officer state that there were several mothers in the area or just this one mother?

[COUNSEL]: Mr. Liverpool, I'm objecting to your question and telling you he is not –

MR. LIVERPOOL: This is a whole different question. If he does not want to answer, that's what he got to say.

Q. Were there several mothers –

[COUNSEL]: Mr. Liverpool, I'm his attorney, and I'm directing him not to answer. You are harassing my client. He's already answered this line of questioning numerous times. I'm telling you to move on from this line of questioning.

Tr. at 37-42.

Liverpool did not harass Reiman, and Reiman did not answer Liverpool's question about whether it was one "mother" or more than one who had reportedly observed his conduct – not even once, let alone the "numerous times" about which counsel complained. In any event, while "asked and answered" is of course a permissible objection, it is not a basis for directing a witness not to answer a question. Fed. R. Civ. P. 30(c)(2).

Because the defendants' counsel improperly directed defendant Reiman not to answer appropriate questions at his deposition, I grant the plaintiff's motion to compel. The parties will promptly arrange for defendant Reiman's continued deposition.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2018

_____/s/_____
James Orenstein
U.S. Magistrate Judge